# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Mr. and Mrs. Lloyd Odell Ness, | ) |
| Plaintiffs, | ) **ORDER STAYING CASE AS TO** |
| | ) **DEFENDANT SAMSON RESOURCES** |
| vs. | ) |
| Samson Resources; Samson Investments; KKR (Kravis, Kohlberg, Roberts); Magnum Hunter; Bakken Hunter; ONEOK Partners; ONEOK; and OKS, | ) Case No. 4:15-cv-063 |
| Defendants. | ) |

On October 5, 2015, Defendant Samson Resources Investment Company ("Samson Resources") filed a "Suggestion of Bankruptcy" along with a copy of the voluntary petition that it filed pursuant to Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

Section 362(a)(1) provides that, upon the filing of a bankruptcy petition, all judicial and other proceedings are stayed. See 11 U.S.C. § 362(a)(1); see also Missouri v. U.S. Bankruptcy Court for E.D. of Arkansas, 647 F.2d 768, 775 (8th Cir. 1981). A § 362 stay applies only to bar proceedings against the debtor. See Fortier v. Dona Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984); see also Croyden Assoc. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992). "The only except to this rule that any of the circuits recognize seems to relate to nonbankrupt defendants in unusual circumstances." Croyden Assoc., 969 F.2d at 677 (quoting A.H. Robbins. Co. v. Picinin, 788 F.2d 994, 999 (4th Cir.), cert denied, 479 U.S. 876 (1986)); see also Okla. Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 141 (10th Cir. 1994) ("A narrow except allows a stay

1

to be imposed under section 362(a)(1) against a nonbankrupt party in unusual situations as when there is such identity between the debtor and the third-party defendant that the defendant and the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (internal quotation marks omitted)); In re North Star Contracting Corp., 125 B.R. 368, 370 (S.D.N.Y. 1991) ("[S]ome courts have recognized that in circumstances where the debtor and the non-bankrupt party can be considered one entity or has having a unitary interest, a section 362(a)(1) stay may suspend an action against a non-bankrupt party . . . . In addition, courts have recently extended 11 U.S.C. § 362 to include certain types of actions by or against non-debtors when such actions have a significant impact on the bankrupt."); Robert W. Thomas and Anne McDonald Thomas Revocable Trust v. Inland Pacific Colorado, LLC, et. al., No. 11-cv-03333, 2013 WL 708493, at *2 (D. Colo. Feb. 26, 2013) (staying a case as to a debtor and its solvent co-defendants pursuant to § 362).

Samson Resources has filed a Chapter 11 petition with the United States Bankruptcy Court for the District of Delaware. Consequently, this case as it pertains to Samson Resources is **STAYED**. If any party believes this case should be stayed in its entirety as to all or any other defendant, the party shall have until October 30, 2015, to file an appropriate motion and supporting brief, including affidavit evidence if necessary, with the court. Otherwise the court will proceed to address the pending motions as they relate to the other defendants.

**IT IS SO ORDERED.**

Dated this 7th day of October, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court