# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mr. and Mrs. Lloyd Odell Ness, | ) |
| Plaintiffs, | ) **ORDER DENYING MOTION** |
| | ) **FOR RECONSIDERATION** |
| vs. | ) |
| | ) |
| Samson Resources, Samson Investments, | ) Case No. 4:15-cv-00063 |
| KKR (Kravis, Kohlberg, Roberts), Magnum | ) |
| Hunter, Bakken Hunter, ONEOK Partners, | ) |
| ONEOK, and OKS, | ) |
| | ) |
| Defendants. | ) |

## I.    INTRODUCTION

Plaintiffs in this action sought a litany of damages and other relief based largely on conclusory allegations that defendants engaged in an industry-wide scheme to defraud royalty and other mineral interest owners of the correct amounts owed to them on the production of natural gas, including from oil and gas wells in which plaintiffs have an interest. The court dismissed the case as to all defendants on various grounds in an order dated February 15, 2019. (Doc. No. 120). Before the court now is a motion by plaintiffs filed on March 28, 2019, in which they ask the court to reconsider the dismissal and allow the case to proceed on the merits. (Doc. No. 122). Defendants have filed responses in opposition to which plaintiffs have replied. (Doc Nos. 123–26).

## II.    DISCUSSION

Plaintiffs' motion to reconsider does not state which rule of procedure they are proceeding under. However, since judgment has been entered, the court will presume they are seeking to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) or are seeking a motion for relief from a judgment or order pursuant to Rule 60(b).

### A. If the motion for reconsideration is pursuant to Rule 59(e), it is too late

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." In this case, judgment was entered on February 15, 2019, which was the same date the court entered its order dismissing the case. (Doc. No. 121). And, as already noted, plaintiffs did not file their motion to reconsider until March 28, 2019—forty-one (41) days after entry of judgment. Not only is plaintiffs' motion untimely if plaintiffs are seeking to alter or amend the judgment under Rule 59(e), the court now lacks jurisdiction to consider the granting of relief under this Rule. See Sanders v. Clemco Industries, 862 F.2d 161, 168 (8th Cir. 1988).

### B. Plaintiffs have failed to demonstrate entitlement to relief under Rule 60(b)

Fed.R.Civ.P. 60 allows a party to seek substantive relief from a final judgment for any of the reasons set forth in subdivision (b), which reads as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Under subdivision (c), a motion made pursuant to subdivision (b) is timely if it is brought within a reasonable time and, for reasons set forth in subdivision (b)(1)-(3), not more than one year after entry of judgment. In this case, defendants do not have a dispute over timeliness of the motion. Hence, the court will consider it on its merits.

Rule 60(b) is not intended to be a substitute for appeal. Rather, to prevail on a Rule 60(b)(6) motion, a movant is required to demonstrate the existence of "extraordinary circumstances." E.g., United States v. Anderson, No. 2:04-cv-121, 2008 WL 1914324, at *1 (D.N.D. Apr. 28, 2008) ("Anderson") Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.") (citing Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008). This includes relief based upon the catchall of "any other reason that justifies relief" in subdivision (b)(6). In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989) ("[Rule 60(b)(6)] is not a substitute for other legal remedies. Such relief is to be granted only when exceptional circumstances prevented the moving party from seeking redress through the usual channels."); Leland Oil & Gas, LLC v. Azar, No. 1:14-cv-161, 2017 WL 4247325, at *3 (D.N.D. Sept. 25, 2017) (citing In re Zimmerman).

Upon review of plaintiff's motion, the reasons offered for why relief should be granted do not fall under grounds (3), (4), or (5) of Rule 60(b). As to ground (2), plaintiffs do proffer "evidence," but most of it was presented earlier. And, to the extent it was not, it could have been presented because it was either in plaintiffs' possession or could have been discovered prior to the entry of judgment.

What plaintiffs have argued suggests they believe that the court made a mistake in dismissing their case. However, if the court erred in applying the law, plaintiffs' remedy was taking an appeal,

which they did not do. As already noted, Rule 60(b) ordinarily cannot be used as a substitute for appeal, and the Eighth Circuit has taken the position that judicial error other than judicial inadvertence is not the type of "mistake" that is correctable upon a motion pursuant to Rule 60(b)(1). Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460–61 (8th Cir. 2000); Anderson, 2008 WL 1914324, at *1. In this case, while it is certainly possible the court erred in its analysis for why it believed the case should be dismissed (although plaintiffs have not demonstrated that), there is nothing to indicate the court was inadvertent.

Aside from believing the court erred, plaintiffs have not pointed to any other mistake that might be grounds for providing relief pursuant to Rule 60(b), much less demonstrate the mistake arose out of exceptional circumstances. Further, while it is obvious to the court that plaintiffs themselves made a number of errors, these arose primarily out of their voluntary choice to proceed *pro se* and only after the court more than once urged them to retain counsel.[1]

This leaves the catchall of "any other reason that justifies relief" in (b)(6). Here, the court agrees with defendants that plaintiffs have failed to meet their burden of demonstrating extraordinary circumstances. As defendants point out, plaintiffs have simply regurgitated their prior arguments for why defendants should be held to account. They have not addressed the deficiencies in their claims that were the basis for the court's dismissal, much less offer good reason why now they should be entitled to a "do over."

### III. ORDER

Based on the foregoing, plaintiffs' motion for reconsideration (Doc. No. 122) is **DENIED**.

---

[1] Plaintiffs have made no showing that they could not have afforded counsel. Rather, it is clear from the proceedings in this case and from the record in a related bankruptcy action, that Mr. Ness believed he could handle the cases himself.

**IT IS SO ORDERED**.

Dated this 20th day of May 2019.

<u>*/s/ Charles S. Miller, Jr.*</u>
Charles S. Miller, Jr., Magistrate Judge
United States District Court